Dear Mr. Breaux:
Reference is made to your recent request for an opinion of this office on behalf of the Board of Commissioners of Iberville Parish Waterworks District No. 3 (the "District"). According to your correspondence, the Board has been asked to adjust a water bill for a customer who sustained broken pipes (on the customer's side of the meter) during the flooding of Tropical Storm Allison. Apparently, high floodwaters prevented notice of the broken pipe for quite some time, but once the waters subsided, you advise that the customer immediately took necessary action to repair the break. Specifically, your letter states:
 "It is my understanding that Louisiana law currently prohibits a waterworks district from adjusting water bills for leaks which occur on the customer of the meter. However, due to the emergency and flooding caused by Tropical Storm Allison, may the Board of Commissioners authorize any type of adjustment to the customer's monthly billing statement without violating the law[?] Additionally, the Board would like to know if under normal circumstances any type of adjustment can be made for customers who sustain leaks on their side of the meter."
Please be advised that La. Const. Art. VII, Sec. 14, generally prohibits the loan, pledge or donation of public funds, property or things of value to any person, association or corporation, public or private. Although we understand and admire the District's Board of Commissioners' interest in assisting a customer who sustained damage during, or as a result of a tropical storm, we must advise that if the District adjusts the water bill of a customer who sustained a leak on the customer side of the meter, the District is in essence donating a public thing of value to that resident or business, in violation of La. Const. Art. VII, Sec. 14. In our opinion, such action would be in violation of the constitution and therefore illegal. In accord: Atty. Gen. Ops. Nos. 90-498, 88-428, and 78-1562.
It is incumbent on us to further advise you that LSA-R.S. 42:1461
imposes a personal obligation upon public officials and employees and prohibits them from misappropriating, misapplying, converting or misusing any funds or property under the custody or control of the public entity in which the office or employment is held. The breach of this obligation gives rise to an action in favor of the public entity for the recovery of such funds or property.
Please note that La. Const. Art. VII, Sec. 14(B) contains an exception to the general rule of Art. VII, Sec. 14 in that the donation of public funds is permissible for programs of social welfare for the aid and support of the needy. In our opinion, the District could, in accordance with Art. VII, Sec. 14(B), establish a program whereby water bill adjustments and assistance could be provided to customers who can be classified as needy, if those who receive assistance are screened through objective criteria to ensure that they are truly needy. In Accord: Op. Atty. Gen. Nos. 00-14, 98-432.
We trust the foregoing to be of assistance. Please do not hesitate to contact us if we can be of assistance in other areas of the law.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ________________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI:JMZB:jv
DATE RECEIVED:
DATE RELEASED: September 20, 2001